McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Phone: 804.775.1000
Fax: 804.775.1061
www.mcguirewoods.com

Matthew A. Fitzgerald
Direct: 804.775.4716

mfitzgerald@mcguirewoods.com
Fax: 804.698.2251

**McGUIREWOODS**

May 3, 2022

**ORAL ARGUMENT IS SCHEDULED FOR MAY 5, 2022**

*Via ECF*

Mark J. Langer
Clerk of the Court
United States Court of Appeals
  for the District of Columbia Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, N.W.
Washington, DC  20001

**Re:**  *Constellation Mystic Power, LLC, et al. v. FERC,* Nos. 20-1343, *et al.*
Response to FERC's Fed. R. App. P. 28(j) Supplemental Submission

Dear Mr. Langer:

Constellation Mystic Power, LLC files this letter under Rule 28(j) as a response to FERC's letter filed this afternoon.  As FERC explains, on May 2, FERC issued an order that addresses the appropriate capital structure for Mystic (briefed in this case at Mystic Opening Brief pages 35-47, FERC's Brief pages 42-52, and Mystic's Reply Brief pages 14-22).

Recognizing that Exelon Corporation is no longer the ultimate parent of Mystic, FERC's order sets for paper hearing and settlement judge procedures the question of what capital structure and cost of debt to use for Mystic.

Mystic agrees with FERC's description of the May 2 order.  FERC does not assert that the capital structure issue has been mooted.  "A case is moot if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative

chance of affecting them in the future." *Pharmachemie B.V. v. Barr Lab'ys, Inc.*, 276 F.3d 627, 631 (D.C. Cir. 2002).

This Court's eventual decision on capital structure will still "presently affect the parties' rights" as well as have a "more-than-speculative chance of affecting them in the future."

The May 2 order seems to be FERC's next step forward on the assumption that this Court will affirm its earlier order finding ExGen's capital structure anomalous. If this Court reverses, as Mystic argues it should, and orders FERC to use ExGen/Constellation's capital structure, that would eliminate entirely the issue raised in the May 2 order. Such a ruling would remove the need for FERC to find a new model to replace Exelon Corporation. For that reason, the issue briefed on appeal remains live.

Similarly, it is not clear from the May 2 order whether FERC is holding onto or disclaiming its earlier ruling that ExGen's capital structure was anomalous and improper to use. If FERC is holding onto that decision, then now would clearly be the proper time to appeal it.

Respectfully submitted,

*/s/ Matthew A. Fitzgerald*

Matthew A. Fitzgerald
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
T: (804) 775-4716
mfitzgerald@mcguirewoods.com

*Counsel for Constellation Mystic Power, LLC*

cc: Counsel of Record via CM/ECF

# CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the word limitations of Fed. R. App. P. 28(j) and this Circuit's local rules because this document contains 317 words.

>/s/ Matthew A. Fitzgerald
>Matthew A. Fitzgerald
>
>*Counsel for Constellation Mystic Power, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2022, the foregoing was filed electronically with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit using the appellate CM/ECF system. All participants in the case are registered CM/ECF users and the system will serve them.

　　　　　　　　　　　　　　　　　　/s/ Matthew A. Fitzgerald
　　　　　　　　　　　　　　　　　　Matthew A. Fitzgerald

　　　　　　　　　　　　　　　　　　*Counsel for Constellation Mystic Power, LLC*