ORAL ARGUMENT SCHEDULED FOR MAY 5, 2022

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

――――――――――――

### Nos. 20-1343, et al. (consolidated)

――――――――――――

### CONSTELLATION MYSTIC POWER, LLC,
*Petitioner*,

**v.**

### FEDERAL ENERGY REGULATORY COMMISSION,
*Respondent.*

――――――――――――

### ON PETITIONS FOR REVIEW OF ORDERS OF THE
### FEDERAL ENERGY REGULATORY COMMISSION

――――――――――――

### BRIEF OF INTERVENOR
### ISO NEW ENGLAND INC. IN SUPPORT OF RESPONDENT

Michael J. Thompson
Ryan J. Collins
Elizabeth P. Trinkle
Wright & Talisman, P.C.
1200 G Street, N.W., Suite 600
Washington, D.C.  20005
(202) 393-1200
thompson@wrightlaw.com
collins@wrightlaw.com
trinkle@wrightlaw.com

Maria Gulluni
Vice President and General Counsel
Christopher J. Hamlen
Assistant General Counsel - Markets
ISO New England Inc.
One Sullivan Road
Holyoke, MA  01040
(413) 540-4473
mgulluni@iso-ne.com
chamlen@iso-ne.com

*Counsel for*
*ISO New England Inc.*

Dated:  February 23, 2022

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

### A.    Parties and Amici

To counsel's knowledge, the parties and intervenors before this Court and before the Federal Energy Regulatory Commission ("FERC") in the underlying agency docket are as stated in the Circuit Rule 28(a)(1) certificate contained in the Opening Brief of Petitioner Constellation Mystic Power, LLC.

### B.    Rulings Under Review

This proceeding involves a petition for review of the following orders issued by FERC:

1.  *Constellation Mystic Power, LLC*, Order Accepting and Suspending Filing and Establishing Hearing Procedures, 164 FERC ¶ 61,022 (July 13, 2018) (R.75, JA566-JA598);

2.  *Constellation Mystic Power, LLC*, Order Accepting Agreement, Subject to Condition, and Directing Briefs, 165 FERC ¶ 61,267 (Dec. 20, 2018) (R.313, JA1260-JA1371);

3.  *Constellation Mystic Power, LLC*, Order Granting Clarification in Part, Denying Clarification in Part, and Addressing Arguments Raised on Rehearing, 172 FERC ¶ 61,043 (July 17, 2020) (R.374, JA1516-JA1548);

4.  *Constellation Mystic Power, LLC*, Order on Clarification, Directing Compliance, and Addressing Arguments Raised on Rehearing, 172 FERC ¶ 61,044 (July 17, 2020) (R.375, JA1549-JA1625);

5.  *Constellation Mystic Power, LLC*, Order on Compliance and Directing Further Compliance, 172 FERC ¶ 61,045 (July 17, 2020) (R.376, JA1626-JA1651); and

6.    *Constellation Mystic Power, LLC*, Ordering Addressing Arguments Raised on Rehearing, and Setting Aside Prior Order, in Part, 173 FERC ¶ 61,261 (Dec. 21, 2020) (R.420, JA1917-JA1939).

## C.    Related Cases

This case has not previously been before this Court or any other court.

Counsel is not aware of any other related cases within the meaning of Circuit

Rule 28(a)(1)(C).

> */s/ Michael J. Thompson*
> Michael J. Thompson
> Wright & Talisman, P.C.
> 1200 G Street, N.W., Suite 600
> Washington, D.C.  20005
> (202) 393-1200
> thompson@wrightlaw.com
>
> *Counsel for*
> *ISO New England Inc.*

## CORPORATE DISCLOSURE STATEMENT

ISO New England Inc. (the "ISO") is filing this Corporate Disclosure Statement in compliance with Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 26.1 of the Circuit Rules of this Court. The ISO is a private, not-for-profit corporation organized under the laws of the State of Delaware and is responsible for operation of New England's bulk power system. The New England region controlled by the ISO encompasses Connecticut, Maine, Massachusetts, New Hampshire, Rhode Island, and Vermont.

The ISO has no corporate parents. The ISO does not issue stock; therefore, no publicly held corporation owns 10% or more of its stock.

Respectfully submitted,

*/s/ Michael J. Thompson*
Michael J. Thompson
Wright & Talisman, P.C.
1200 G Street, N.W., Suite 600
Washington, D.C. 20005
(202) 393-1200
thompson@wrightlaw.com

*Counsel for*
*ISO New England Inc.*

# TABLE OF CONTENTS

**PAGE**

STATUTES AND REGULATIONS ........................................................1

SUMMARY OF THE ARGUMENT .......................................................1

BACKGROUND ....................................................................................3

ARGUMENT .........................................................................................7

    I.      Given New England's Forecasted and Existing Fuel Security Issues, the Mystic Agreement Should Provide an Economic Incentive to Make Third-Party LNG Sales from Everett ......................7

CONCLUSION .......................................................................................9

# TABLE OF AUTHORITIES

**<u>ADMISTRATIVE CASES</u>**                                                     **<u>Page(s)</u>**

*Constellation Mystic Power, LLC,*
    164 FERC ¶ 61,022 (2018)..............................................................5, 6, 7

*Constellation Mystic Power, LLC,*
    165 FERC ¶ 61,267 (2018).......................................2, 3, 4, 5, 6, 7

*Constellation Mystic Power, LLC,*
    170 FERC ¶ 61,006 (2020)..................................................................5

*Constellation Mystic Power, LLC,*
    172 FERC ¶ 61,044 (2020)...........................................................5, 7

# GLOSSARY

| Abbreviation/Term | Definition |
|---|---|
| Everett | Everett Marine Terminal |
| Exelon | Exelon Generation Company, LLC |
| FERC | Respondent Federal Energy Regulatory Commission |
| Fuel-Security Analysis | *Operational Fuel-Security Analysis*, ISO New England Inc. (Jan. 17, 2018), https://www.iso-ne.com/static-assets/documents/2018/01/20180117_operational_fuel-security_analysis.pdf (attached as Ex. No. REP-005 to the Prepared Answering Testimony of Christopher David, Witness for Repsol Energy North America Corporation, filed on August 23, 2018) (R.152, JA658-JA713) |
| FERC Br. | Brief of Respondent Federal Energy Regulatory Commission, *Constellation Mystic Power, LLC v. FERC*, Nos. 20-1343, et al. (D.C. Cir. Dec. 6, 2021) |
| Hearing Order | *Constellation Mystic Power, LLC*, 165 FERC ¶ 61,267 (2018) (R.313, JA1260-JA1371) |
| Hearing Transcript | Transcript of Hearing, *Constellation Mystic Power, LLC*, Docket No. ER18-1639-000 (Oct. 3, 2018) (R.239, JA948-JA955) |
| The ISO | ISO New England Inc. |
| LNG | Liquefied natural gas |
| Mystic | Mystic Generation Station |
| Mystic Agreement | A cost-of-service agreement among ISO New England Inc., Constellation Mystic Power, LLC, and its parent, Exelon Generation Company, LLC to retain the Mystic Generation Station Units 8 and 9 during the winters of 2022-2023 and 2023-2024 |

| | |
|---|---|
| Petitioner-Intervenors | Braintree Electric Light Department, Concord Municipal Light Plant, Georgetown Municipal Light Department, Hingham Municipal Lighting Plant, Littleton Electric Light & Water Department, Middleborough Gas and Electric Department, Middleton Electric Light Department, Norwood Municipal Light Department, Pascoag Utility District, Reading Municipal Light Department, Taunton Municipal Lighting Plant and Wellesley Municipal Light Plant, Massachusetts Municipal Wholesale Electric Company, and New Hampshire Electric Cooperative, Inc. |
| Petitioner-Intervenors Br. | Brief of Intervenors Braintree Electric Light Department, et al., Massachusetts Municipal Wholesale Electric Company, and New Hampshire Electric Cooperative, Inc. in Support of State Petitioners, *Constellation Mystic Power, LLC v. FERC*, Nos. 20-1343, et al. (D.C. Cir. Sept. 21, 2021) |
| Rehearing Order | *Constellation Mystic Power, LLC*, 172 FERC ¶ 61,044 (2020) (R.375, JA1549-JA1625) |
| State Petitioners | Connecticut Public Utilities Regulatory Authority, Connecticut Department of Energy and Environmental Protection, Connecticut Office of Consumer Counsel, Attorney General of the Commonwealth of Massachusetts, and the New England States Committee on Electricity, Inc. |
| State Petitioners Br. | Brief of Petitioners Connecticut Public Utilities Regulatory Authority, Connecticut Department of Energy and Environmental Protection, Connecticut Office of Consumer Counsel, Attorney General of the Commonwealth of Massachusetts, and the New England States Committee on Electricity, Inc., *Constellation Mystic Power, LLC v. FERC*, Nos. 20-1343, et al. (D.C. Cir. Sept. 7, 2021) |

Waiver Filing             Petition of ISO New England Inc. for Waiver of Tariff Provisions, Docket No. ER18-1509-000 (May 2, 2018)

## STATUTES AND REGULATIONS

ISO New England Inc. (the "ISO") adopts the Statutes and Regulations contained in the Federal Energy Regulatory Commission's ("FERC") Brief.  FERC Br. at 4 & Addendum.

## SUMMARY OF THE ARGUMENT

At issue in this case is FERC's approval of a cost-of-service agreement among the ISO, Constellation Mystic Power, LLC, and its parent, Exelon Generation Company, LLC ("Exelon") to retain the Mystic Generation Station Units 8 and 9 ("Mystic") during the winters of 2022-2023 and 2023-2024 (the "Mystic Agreement").  The Mystic Agreement also forestalls, for the term of the agreement, the retirement of Mystic beyond the announced May 31, 2022 retirement date and the Everett Marine Terminal ("Everett"), a liquefied natural gas ("LNG") import terminal that directly supplies Mystic re-gasified LNG and also supplies natural gas to New England via Everett's direct connection to the region's pipeline system.

The ISO is the independent electric transmission system operator responsible for ensuring the reliable delivery of electricity across the six New England states.  In recent years, the region's resource mix has changed substantially, with new natural gas-fired generators coming online, while other types of generators (e.g., coal, nuclear) have retired.  The rapidly evolving resource mix, plus the region's severely constrained natural gas pipeline system, require electric generation to compete with

residential and other human needs for gas supply during high-demand periods.  As FERC recognized, "when companies serving the heating sector use their allocated natural gas supplies from pipelines in New England, natural gas-fired generating resources may be unable to obtain enough fuel to operate their plants." *Constellation Mystic Power, LLC*, 165 FERC ¶ 61,267, at P 5 (2018) ("Hearing Order") (R.313, JA1263).

The Mystic Agreement seeks to mitigate the region's fuel-security issues, by keeping online a large, 1,400-megawatt generator that is not dependent on the constrained pipeline system.  In addition, as negotiated by the ISO, the Mystic Agreement provides an incentive for sales of LNG from Everett to third parties (via the region's pipeline system or truck), further alleviating fuel security concerns during the critical winter months.  The additional natural gas supply provided by such third-party LNG sales can reduce the likelihood of reserve and energy shortages on the electric system.  *See* Prepared Answering Testimony of Robert G. Ethier on Behalf of ISO New England Inc., Docket No. ER18-1639-000, Ex. No. ISO-001 at 26-27 (Aug. 16, 2018) ("Ethier Answering Testimony") (R.125, JA619-JA620).

Everett has long supported winter fuel security in New England.  Such third-party sales are critical to ensuring valuable LNG supplies are available during times of peak demand, meeting supply needs that could not otherwise be met due to the

region's natural gas pipeline constraints.  As FERC correctly recognized, Mystic should have an economic incentive to make third-party gas sales from Everett.

## BACKGROUND

The ISO sought to retain Mystic based on the results of the ISO's Operational Fuel-Security Analysis, which found that retaining Mystic was necessary for the ISO to maintain the reliability of the New England interstate power grid.  *See* Hearing Order at P 8 (R.313, JA1264-JA1265) (citing *Operational Fuel-Security Analysis*, ISO New England Inc. (Jan. 17, 2018), https://www.iso-ne.com/static-assets/documents/2018/01/20180117_operational_fuel-security_analysis.pdf ("Fuel-Security Analysis") (R.152, JA658-JA713))).  The Fuel-Security Analysis, published in 2018, documented the region's fuel security issues.  Fuel-Security Analysis at 47-55 (R.152, JA704-JA712); *see also* Petition of ISO New England Inc. for Waiver of Tariff Provisions, Docket No. ER18-1509-000, Ex. No. ISO-1 at 18-26 (May 2, 2018) ("Waiver Filing").  This analysis examined power system reliability under a wide range of potential winter conditions when the most severe gas supply constraints can intersect with periods of high electricity demand in the region.  Fuel-Security Analysis at 18-29 (R.152, JA675-JA686); Waiver Filing, Ex. No. ISO-1 at 19.  The analysis indicated that, under a range of possible scenarios in the winter, the constraints on fuel availability and delivery could require the ISO to employ emergency actions to maintain the reliable operation of the electric system,

3

including load shedding (i.e., rolling blackouts) in some scenarios. Fuel-Security Analysis at 5 (R.152, JA662); Waiver Filing, Ex. No. ISO-1 at 20. These fuel security issues remain a key reliability concern for New England, and continue to be studied. Informational Filing on Fuel Security Reliability Review for the Fifteenth Forward Capacity Auction of ISO New England Inc., Docket No. ER18-2364-000 (Dec. 2, 2021).[1] Given the potential for more frequent, extreme cold winter weather driven by climate change, the region could face increased, yet-to-be assessed, energy adequacy and system failure risks under adverse conditions.

The loss of Mystic likely would lead also to the concurrent retirement of the Everett LNG terminal, which also can deliver hundreds of millions of cubic feet per day of re-gasified LNG into the New England pipeline system. *See* Hearing Order at P 133 n.297 (R.313, JA1322); Prepared Answering Testimony of Richard L. Levitan on Behalf of ISO New England, Inc., Docket No. ER18-1639-000, Ex. No. ISO-002 at 21-23 (Aug. 16, 2018) ("Levitan Answering Testimony") (R.125, JA614-JA616). Retirement of both facilities would create unacceptable risks to the

---

[1] Since 2014, the region has experienced the retirement of fuel secure generator resources that provided approximately 5,400 megawatts of winter capacity capability (with an additional 1,220 megawatts scheduled for retirement by June 2025), which places additional pressure on the gas-fired fleet reliant on the constrained pipeline system for fuel. The retirement of Mystic will bring the total loss of fuel secure generating capacity to 8,020 megawatts. For comparison, the current generating capability of the ISO's system is about 31,500 megawatts. While these retirements are replaced by new resources, the large majority of new resources proposed for development in New England are not fuel secure.

reliable operation of the New England electric system during winter cold spells.  *See* Hearing Order at P 8 (R.313, JA1264-JA1265) (citing Waiver Filing, Ex. No. ISO-1 at 31).  The ISO thus entered into the Mystic Agreement to retain Mystic—and Everett—for two years, encompassing the 2022-2023 and 2023-2024 winters.

FERC approved the Mystic Agreement based on the fuel security issues that the ISO raised in 2018.  *See Constellation Mystic Power, LLC*, 170 FERC ¶ 61,006, at P 14 (2020) ("[FERC] originally accepted the Mystic Agreement and granted Mystic cost-of-service treatment to keep Mystic 8 and 9 in operation to ensure that the region's fuel security problems would not cause unacceptable reliability impacts.").  In particular, the region was (and still is) heavily reliant on natural gas-fired generation throughout the year, and the risk remains that gas delivery from the interstate pipeline network will be constrained during winter cold spells.  FERC noted that the "ISO[] submitted evidence showing that, if Mystic [] do[es] not provide capacity during the [2022/2023 and 2023/2024] capacity commitment periods . . . , [the ISO] will not be able to ensure fuel security in the region." *Constellation Mystic Power, LLC*, 172 FERC ¶ 61,044, at P 9 (2020) ("Rehearing Order") (R.375, JA1552-JA1553) (quoting *Constellation Mystic Power, LLC*, 164 FERC ¶ 61,022, at P 4 (2018)).

The record demonstrates that Everett's strategic location in the heart of Boston and ability to supply gas and assist in maintaining pressure at the market-end of the

interstate pipeline system provides the New England region numerous and unique benefits. *See* Levitan Answering Testimony at 6-7 (R.125, JA610-JA611). These benefits arise when Everett sells LNG (vaporized or liquid) to third parties, in addition to its service to Mystic.

However, during negotiations for the Mystic Agreement, Exelon stated that it did not intend to continue Everett's third-party sales. *See* Prepared Cross-Answering Testimony and Exhibits of Robert G. Ethier on Behalf of ISO New England Inc., Docket No. ER18-1639-000, Ex. No. ISO-015 at 14 (Sept. 4, 2018) (R.176, JA808). Accordingly, to retain these regional benefits and induce Exelon to make such sales, the ISO negotiated into the Mystic Agreement a profit incentive for Everett to engage in such transactions. Specifically, the ISO and Exelon agreed that Mystic would be able to keep 50% of third-party sales revenue, while the other 50% would be credited to electric ratepayers under the Mystic Agreement.

In setting the Mystic Agreement for hearing, FERC "agree[d] with [the ISO] that, absent some sort of partial credit, the [Everett] has little incentive to make LNG sales to third parties." *Constellation Mystic Power, LLC*, 164 FERC ¶ 61,022, at P 38. In the Hearing Order, FERC approved a revenue split, but disagreed with the 50/50 split. *See* Hearing Order at PP 134-35 (R.313, JA1323-JA1324). On rehearing, FERC concluded that a revenue crediting mechanism for any forward sales Everett may make to third parties was unnecessary, and possibly beyond its

6

statutory authority. *See* Rehearing Order at P 66 (R.375, JA1581). As such, Mystic will now receive 100% of the third-party sales revenues. The ISO does not take a position on the proper revenue crediting approach, but maintains that Mystic should have an economic incentive to make third-party sales. As approved by FERC, the Mystic Agreement accomplishes that objective.

## ARGUMENT

I.    **Given New England's Forecasted and Existing Fuel Security Issues, the Mystic Agreement Should Provide an Economic Incentive to Make Third-Party LNG Sales from Everett**

FERC properly saw merit in including an incentive for Everett to make third-party gas sales from the outset, *Constellation Mystic Power, LLC*, 164 FERC ¶ 61,022, at P 38, and directed a revenue sharing mechanism incentive in the Mystic Agreement, Hearing Order at P 134 (R.313, JA1323-JA1324). However, on rehearing FERC, determined it lacked jurisdiction and "no longer require[d] that the Mystic Agreement include . . . [a] revenue crediting mechanism." Rehearing Order at P 66 (R.375, JA1581).

Some State Petitioners challenged FERC's decisions—first arguing that the Hearing Order's revenue crediting would lead to a double recovery, and later claiming that the Rehearing Order's elimination of crediting would provide Everett a windfall. *See* State Petitioners Br. at 31-33. Petitioner-Intervenors argue that "elimination of the revenue crediting requirement thus ensured that rates charged

under the Agreement would be unjust and unreasonable because they would result in double recovery of Everett's fixed costs." Petitioner-Intervenors Br. at 13-14.

It is unclear to the ISO whether State Petitioners and Petitioner-Intervenors are asking the Court to find unlawful FERC's imposition of a revenue crediting mechanism or its elimination. Regardless, however, it is imperative that Exelon have an economic incentive for Everett to make third-party gas sales.

Under a cost-of-service arrangement that includes recovery of Everett's costs, unless revenue sharing offers a reasonable balance of risk and potential reward, Exelon will not have a sufficient incentive to take on the commodity, logistical, administrative, counter-party credit, and other risks associated with engaging in LNG sales to third parties. Accordingly, Exelon's share of available profits must be sufficient to balance the risks it will face in making third-party sales, and thus sufficient to incent its traders to seek out and enter into such transactions. *See* Ethier Answering Testimony at 31–32 (R.125, JA621-JA622); Hearing Transcript at 1040:19–1042:9 (Ethier) (R.239, JA949-JA951).

The record demonstrates clear and far-reaching fuel security and reliability benefits from third-party sales by Everett. Third-party sales provide significant benefits, including: (i) increasing natural gas supply during peak demand conditions, when additional supply can reduce the likelihood of shortages of reserves and energy on the electric system; and (ii) helping to sustain higher pressures in interstate and

8

gas distribution pipelines, and thus supporting gas deliverability during times of high demand. *See* Either Answering Testimony at 26–27 (R.125, JA619-JA620); *see also* Levitan Answering Testimony at 19–22 (R.125, JA612-JA615); Hearing Transcript at 1162:20–1164:17 (Levitan) (R.239, JA953-JA955) (explaining Everett's strategic location and its related value to the New England pipeline system). Thus, FERC reasonably adopted an approach that offers Exelon an incentive for third-party sales from Everett, and allowing New England ratepayers to obtain the benefits from such sales.

## CONCLUSION

For the reasons presented here and in FERC's brief, the petitions for review challenging revenue sharing provision should be denied. The ISO does not take a position on the individual cost of service elements before the Court.

Respectfully submitted,

*/s/ Michael J. Thompson*

Maria Gulluni
Vice President and General Counsel
Christopher J. Hamlen
Assistant General Counsel-Markets
ISO New England Inc.
One Sullivan Road
Holyoke, MA  01040
(413) 540-4473
mgulluni@iso-ne.com
chamlen@iso-ne.com

Michael J. Thompson
Ryan J. Collins
Elizabeth P. Trinkle
Wright & Talisman, P.C.
1200 G Street, N.W., Suite 600
Washington, D.C.  20005
(202) 393-1200
thompson@wrightlaw.com
collins@wrightlaw.com
trinkle@wrightlaw.com

*Counsel for*
*ISO New England Inc.*

9

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| Constellation Mystic Power, LLC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 20-1343, et al. |
| | ) | (consolidated) |
| Federal Energy Regulatory Commission, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

Pursuant to Rules 32(a)(7)(B) and 32(g)(1) of the Federal Rules of Appellate Procedure, the undersigned certifies that the foregoing brief complies with the applicable type-volume limitations.  The brief was prepared using a proportionally spaced type (Times New Roman, 14 point) and contains 1,980 words, not including the cover page, corporate disclosure statement, tables of contents and authorities, the glossary, the certificates of counsel, the signature block, and proof of service.  This certificate was prepared in reliance on the word-count function of the word-processing system (Microsoft Word 2016) used to prepare the brief.

Respectfully submitted,

*/s/ Michael J. Thompson*
Michael J. Thompson
Wright & Talisman, P.C.
1200 G Street, N.W., Suite 600
Washington, D.C.  20005
thompson@wrightlaw.com

*Counsel for*
*ISO New England Inc.*

February 23, 2022

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| Constellation Mystic Power, LLC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 20-1343, et al. |
| | ) | (consolidated) |
| Federal Energy Regulatory Commission, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of February 2022, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. There are no other parties to be served.

*/s/ Michael J. Thompson*
Michael J. Thompson
Wright & Talisman, P.C.
1200 G Street, N.W., Suite 600
Washington, D.C. 20005
thompson@wrightlaw.com

*Counsel for
ISO New England Inc.*